In the Matter of the Application of RALPH K. ROBERTSON, as Administrator, etc., of GEORGE ROBERTSON, Deceased, Petitioner, Appellant, for a Peremptory Order of Mandamus against ALFRED H. SCHOELLKOPF and Others, Who Constitute the New York State Board of Social Welfare, and MORRIS S. TREMAINE, Comptroller of the State of New York, Respondents.

Third Department, November 12, 1941.

Edward W. Rooney, for the appellant.

John J. Bennett, Jr., Attorney-General, Henry Epstein, Solicitor General [Nathaniel Fensterstock, Assistant Attorney-General, of counsel], for the respondents.

BLISS, J. The appellant is the limited administrator of George Robertson, deceased. Robertson, during his lifetime, was an employee of the Temporary Emergency Relief Administration and on the 7th day of February, 1935, was injured in the course of his employment. This injury resulted in an eighty per cent loss of use of his left leg. On October 13, 1938, the Temporary Emergency Relief Administration in liquidation made him an allowance of $2,400 to be paid to him at the rate of $7.10 per week. The notice informing him of this allowance stated that this rate was based on information received from the department of welfare of the city of New York in regard to his budgetary needs and might be increased or decreased in accordance with future reports from the department of welfare. It said that the first check would be issued October twenty-second and that payments would continue until the full amount of his allowance was paid. On July 21, 1939, Robertson died from causes not related to the accident. At the time of his death there had been paid to him $537.80 out of the allowance of $2,400, leaving a balance of $1,862.20. Appellant demanded of the State Board of Social Welfare, the successor of the Temporary Emergency Relief Administration, payment of this balance which was refused. This proceeding was then brought asking for an order in the nature of a peremptory mandamus directing payment of this balance.

The applicable statute (Laws of 1931, chap. 798, § 16-a, added by Laws of 1934, chap. 303) provides that persons on work relief projects shall not be deemed to come within the scope of the Workmen's Compensation Law and that in the event of

accidental injuries arising out of and in the course of relief employment which result in permanent partial disability, the administration " may provide such allowance as it may deem proper, but not exceeding in any single case the sum of three thousand five hundred dollars inclusive of funeral expenses." It also contains the following provision: " Within the limit hereinabove set forth, the administration shall determine the amount and manner of payment of said disability allowance to be made." Section 27 of the Temporary Emergency Relief Act (Laws of 1931, chap. 798, since repealed) gave the administration power to make and enforce rules in accordance with the provisions of the act and provided further that none of the money appropriated by the act should be expended or allowed except in accordance with such rules. A rule was thus set up as follows: " Basis of payment of disability allowance. A disability allowance in accordance with the foregoing shall, except as otherwise provided herein, be paid on the basis of the budgetary needs of the injured worker and his family, as determined under the standards and pursuant to the rules and regulations of the Administration, and shall cease on the death of the worker. Such payments may be withheld during the time such worker is employed on his regular relief wage, and when not so employed shall be paid in such manner and in amounts not in excess of the schedule allowances, as the Administration shall determine."

We believe that the foregoing statutes and the rule promulgated thereunder furnished ample basis for the refusal of the respondents to continue the payments of the allowance after the death of the relief employee. The statute itself authorized the administration to make such an allowance as it might deem proper and that it should determine the amount and manner of payment thus giving the administration a broad discretion. The rule that the payments should cease upon the death of the worker was clearly intended to carry out the intent of the act to furnish relief work to those in need at the time. The statute was an emergency relief measure. To build up an estate to be passed on to an administrator was not one of its purposes. The public funds were being used for relief purposes in the furnishing of relief work and upon the death of the worker the need for such relief ceased. It was well within the discretion of the respondents to provide by rule that the allowance for a permanent partial disability should cease on the death of the worker. We find in this rule no conflict with section 83 of the Decedent Estate Law such as is claimed by the appellant.

Appellant urges an analogy between the allowance to Robertson and an award of disability compensation under the Workmen's Compensation Law but we fail to find the similarity thus urged.

This allowance was wholly different in nature from an award of disability compensation for a permanent partial disability under the Workmen's Compensation Law and it vested no property right in the recipient. It was clearly contingent. It might be raised or lowered in accordance with the budgetary needs of the injured workman's family. It was discretionary in the first place and finally, under the rule, it was to cease at death. An award of disability compensation under the Workmen's Compensation Law must be made in accordance with statutory formulas and is not a matter of discretion. It is in no sense a voluntary or contingent allowance. It is a right to which the injured workman is entitled. It partakes of the nature of a judgment of a court of competent jurisdiction. Consequently the workmen's compensation cases which are urged by the appellant in support of his position have no application.

The order should be affirmed, without costs.

HILL, P. J., HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Order affirmed, without costs.